■ MURRAY KEEN, Appellant, v HAZEL KEEN, Respondent.—In an action, *inter alia,* to recover damages for fraudulent conversion, in which defendant *inter alia* counterclaimed for an accounting, plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County, dated May 7, 1975, as, after a nonjury trial, (1) dismissed his eighth cause of action, sounding in conversion, (2) credited defendant with $50,000 upon her first counterclaim, (3) failed to find defendant liable for one half of the tax liability incurred by plaintiff for the tax years 1958–1962 and (4) fixed the date from which interest upon the judgment was to run. Judgment affirmed insofar as appealed from, with costs. Special Term, which had an opportunity to observe the demeanor of the witnesses, concluded that defendant had not converted plaintiff's cash and that plaintiff had wrongfully withheld from defendant cash due to her pursuant to the terms of the separation agreement. This court finds no basis in the record for disturbing that conclusion. There is nothing in the separation agreement which evidences an intent to have defendant assume plaintiff's tax obligation for the years in question. This action being one in contract, interest was properly awarded from the date of the execution of the contract. Latham, Acting P. J., Margett, Damiani, Rabin and Shapiro, JJ. concur.

■ AUDREY LEVY, Respondent, v SEAVIEW TOWERS, INC., et al., Appellants.—In an action *inter alia* to establish plaintiff's ownership of certain realty by adverse possession, defendants appeal from so much of a judgment of the Supreme Court, Queens County, dated July 7, 1975, as, after a nonjury trial, granted judgment to plaintiff declaring her to be vested with an absolute title in fee simple to the subject realty. Judgment affirmed insofar as appealed from, with costs. In our view, plaintiff adduced sufficient evidence before the trier of the facts to substantiate her claim, by adverse possession, to the subject realty. Latham, Acting P. J., Margett, Damiani, Rabin and Shapiro, JJ., concur.